[No. 4080.   Decided November 25, 1901.]

EVERETT WATER COMPANY, *Respondent,* v. T. C. FLEMING *et al., as Board of Equalization of Snohomish County, Appellants.*

TAXATION — EQUALIZATION — NOTICE — SERVICE BY MAIL — TIME.

Where the notice required by Bal. Code, § 1714, to be given a property owner of a proposed increase by the board of equalization in his assessment is sent by mail, such notice is governed by Id., § 4891, which provides that in case of the service of notice by mail the time of service shall be double that required in a case of personal service. (*Lewis v. Bishop,* 19 Wash. 312, affirmed.)

SAME — INSUFFICIENCY OF SERVICE.

Under Bal. Code, § 1714, subd. 3, which authorizes the board of equalization to raise an assessment "after at least five days' notice shall have been given in writing to the owner or agent" of the property to be affected, a notice requiring the property owner to appear before the board "within five days from the date of this notice" is insufficient.

SAME.

The fact that the board of equalization does not act upon a property owner's assessment until more than five days have elapsed after notice to him would not cure the service of inadequate notice upon him, since the statute contemplates a notice

to the property owner with a date certain, fixed for his appearance more than five days after the service of the notice.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge. Affirmed.

*H. D. Cooley,* Prosecuting Attorney, for appellants.

*F. H. Brownell* and *J. A. Coleman,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This cause was commenced in the superior court of the state of Washington for the county of Snohomish on the 27th day of August, 1901, on the application of the plaintiff for a writ of review. The affidavit upon which the application was based showed that the defendants were the acting board of county commissioners of Snohomish county; that on the 5th day of August, 1901, they resolved themselves into a board of equalization for said county; that on the said 5th day of August, the assessor duly certified to said board his assessment of the property of said county for said year, and that said board attempted to raise the valuation of the property of plaintiff from the value placed thereon by said assessor, which value was $42,868, to $84,000, and caused an order to that effect to be entered upon the minutes of the proceedings of said board. The affidavit alleged that the order was made without jurisdiction, and was void, for the reason that no notice as required by § 1714 of Bal. Code, was ever served upon the company as required by law. The writ of review was issued, and the superior court of Snohomish county held that the order made by the board of equalization raising the assessment on the plaintiff's property as aforesaid was void.

The only question that is presented here is as to the sufficiency of the notice given by the board of equalization

to the Everett Water Company, the respondent herein. It is conceded that the notice was mailed on the 17th day of August, and the proceeding by the board of equalization in raising the assessment was upon the 24th day of August,—less then ten days from the date of the notice. We decided in *Lewis v. Bishop,* 19 Wash. 312 (53 Pac. 165), that, where a notice is given by mail, it is governed by § 4891, Bal. Code, and that the time of service should be double that required in case of personal service. It is conceded by the appellants that this case falls squarely within the rule announced in *Lewis v. Bishop,* but it is contended that such announcement was merely dictum, and that the case had been decided upon another proposition; that it was, therefore, not necessary for the court to pass upon the question of a service by mail; and that the statute cited has no reference to notices of this character, but that it was intended to apply solely to civil actions in the superior courts of the state. From an examination of the statutes we are not inclined to recede from the position taken in that case. But the judgment of the lower court would have to be affirmed in any event in this case for the reason that the requirements of §1714, in relation to notice, have not been met. It is asserted by the appellants, and is probably shown by the record, that the respondent received the notice, which was mailed on August 16th, on August 17th; that when so received it became actual notice, and that, therefore, no constructive notice or notice by mail was necessary. This is probably true, but the statute requires that at least five days' notice must be given. Paragraph 3 of § 1714 is as follows:

"They shall raise the valuation of each class of personal property which in their opinion is returned below its fair and true value to such price or sum as they believe to be the true and fair value thereof, and they shall

raise the aggregate value of the personal property of each individual whenever they believe that such aggregate value is less than the true valuation of the taxable personal property possessed by such individual to such sum or amount as they believe to be the true value thereof, after at least five days' notice shall have been given in writing to the owner or agent thereof."

The notice in this case was as follows:

"Everett, Wash., 16th August, 1901.
General Manager Everett Water Co.,
                    Everett, Wash.
Dear Sir:

You are hereby notified to appear before the board of equalization within five days from the date of this notice and show cause if any, why the personal assessment of your company for the year 1901, should not be raised from $42,865 to $150,000. Board will be in session from the 19th to the 24th of this month.

                    Yours truly,
(Seal)                            W. H. Ross,
County Auditor and Clerk of Board of Equalization."

It will be observed that the statute provides that this action shall be taken after at least five days' notice shall have been given to the owner, and the notice calls upon the company to appear *within* five days from the date of the notice. So it would seem that in any event the statutory notice, without which the valuation cannot be raised, and which is a jurisdictional prerequisite, was not given. It is, however, contended by the appellants that, inasmuch as the board did not act until the 24th day of August, fully five days had elapsed between the date of the notice and the action of the board in raising the assessment. But we think the statute contemplates a notice given to the property holder with a date certain, fixed for his appearance, and that that certain date must be fixed more than five days from the service of the notice; that the property

owner is not compelled by the law to be in constant attendance upon the board of equalization during its entire session, but has a right to have his day in court fixed and determined by the notice.

The judgment will therefore be affirmed.

REAVIS, C. J., and FULLERTON, MOUNT and HADLEY, JJ., concur.

ANDERS and WHITE, JJ., concur in the result.