## DEETERS v. CLARKE.

Sess. Laws 1905, p. 219, c. 133, § 4, requires the county cattle inspector to inspect cattle, and, if it is found that they are infected or have been exposed, to cause them to be quarantined, and to notify the owner and instruct him as to their treatment, and if the owner fails to comply with the instructions of the inspector for more than 10 days the inspector may treat the cattle as he deems necessary. **Held,** that where no inspection of plaintiff's cattle was made, and no instructions were furnished plaintiff, the inspector had no authority to notify plaintiff to treat the cattle, or, on his failure to do so, to have them treated under the inspector's directions.

The State Live Stock Commission had no power to authorize a county cattle inspector to proceed otherwise than as provided by the statute regulating the duties of such inspector and prescribing the method of performing them.

In an action to enjoin a county cattle inspector from proceeding against plaintiff's herd, plaintiff alleged that he also sued on behalf of other stock owners similarly situated, praying that defendant be enjoined from seizing the cattle of plaintiff as well as those of his associates. Defendant did not demur to the complaint, move to strike out the allegations respecting the associates, or in his answer raise any issue as to plaintiff's right to bring the action in behalf of them; such question being raised for the first time on appeal. **Held,** that under the circumstances, and in view of the further fact that defendant stipulated that a decree granting a perpetual injunction might be entered without notice, the trial court was justified in enjoining defendant from proceeding against the cattle of both plaintiff and his associates.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Beadle County.    Hon. CHAS. S. WHITING, Judge.

Action by Lewis H. Deeters against R. W. Clarke.    Judgment for plaintiff, and defendant appeals.    Affirmed.

*T. H. Null,* for appellant.    *Crawford, Taylor & Fairbank,* and *W. A. Lynch,* for respondent.

CORSON, J.    This action was instituted by the plaintiff to enjoin the defendant, as Beadle county cattle inspector, from taking proceedings against a herd of cattle of the plaintiff under the provisions of chapter 133, p. 219, Sess. Laws 1905.    Findings and judgment being in favor of the plaintiff, the defendant has appealed.

The complaint is very voluminous, and we shall not attempt to set it out in this opinion or give more than a brief synopsis of it.    The plaintiff alleges in his complaint, in substance, in behalf of himself and of 125 other stock owners who are citizens and residents of Beadle county, and who are similarly situated in respect to the matters and things set forth in the complaint: That the defendant, Clarke, was the duly appointed and qualified cattle inspector in and for Beadle county.    That the plaintiff is a stock grower of said county owning and has in his possession about 147 head of cattle which he keeps in said county.    That on the 12th day of July, 1905, said defendant by his deputy served upon this plaintiff a pretended quarantine notice, as follows: "Quarantine notice.    July 12, 1905.    Mr. L. H. Deeters, Huron, Beadle County: You are hereby notified that certain cattle owned or controlled by you in the township 110, range 62, county of Beadle, state of South Dakota, are affected with or exposed to scabies, and you are instructed to confine them to sections 16 and 21, township 110-62, county of Beadle, South Dakota, and required to prevent them from coming in contact with other cattle.    This quarantine will remain in force until such cattle have been treated according to law or released by a qualified officer.    [Signed] R. W. Clarke, County Inspector.    S. E. Venables, Deputy."    That on said day defendant served upon said plaintiff a pretended inspector's notice of infected stock, which notice is as follows: "Inspector's Notice to Owners of Infected Stock.    July 12, 1905.    Mr. L. H. Deeters,

Huron, S. D.—Dear Sir: This will inform you that certain cattle belonging to you or under your control, branded ———, located in township 110, range 62, are affected with scabies, or have been exposed, and if not treated by you within ten days from above date will be dipped under my direction as provided by section 4 of the law of 1905. Yours, etc., R. W. Clarke, Beadle County Cattle Inspector, per S. E. Venables." That the plaintiff's cattle, constituting a herd of 147 head, is absolutely free from said disease, and none of said cattle have been exposed to said disease. That, by the terms of said notice to dip, the owners of said cattle are required to observe the instructions of said defendant, but which instructions were not furnished said plaintiff, and to dip the same as required in said notices, within 10 days from the date of service, and on failure so to do, the said defendant threatens to and does propose to take forcible possession of the said stock and proceed to dip the same. That the said defendant, absolutely disregarding the provisions of the statute law of the state, has failed and neglected to make any inspection whatever, either by himself or by a competent deputy, to ascertain, in advance of the service of said notices, the fact as to whether or not the cattle of this plaintiff are infected with said disease or with any other infectious or contagious disease. That plaintiff's own cattle constituting his said herd, are absolutely free from said disease, and none of said cattle have been exposed to the same. That plaintiff has no adequate remedy at law, and he therefore prays that the defendant may be enjoined from doing the acts so threatened by him. To this complaint are attached a number of affidavits in support of the allegations of the complaint.

The defendant in his answer admits that he is such cattle inspector for Beadle county, that he has caused to be served the notices set out in the plaintiff's complaint, alleges that the disease referred to existed in said county, and that the proceedings threatened to be taken by him were necessary to protect live stock of that county, and of the state at large, and insists that his proceedings are in accordance with the provisions of the statute, and that he was directed to take such proceedings by the state board, as appears by the following order issued to him by said board:

"State Live Stock Commission. Huron, S. D., May 31, 1905. R. W. Clarke, Huron, S. D.: In view of the fact that general infection is believed to exist in the following named counties, county inspectors of such counties are hereby ordered to require all cattle to be dipped twice within a period of not less than eight or more than fourteen days, according to regulations. * * * In counties other than those named above, county inspectors will proceed as previously ordered and require all exposed or infected cattle to be dipped according to regulations. It is the purpose of the State Live Stock Commission to rigidly enforce the law in regard to scabies, and county inspectors are expected to attend to their duties thoroughly. C. L. Eakin, Secretary."

Affidavits were annexed to the answer, and the court from the pleadings and affidavits makes findings of fact substantially in accord with the allegations of the plaintiff's complaint, and concludes that the notices which were served by the defendant did not comply with the provisions of the law of 1905, in that it does not appear from said notices or from the evidence in the case that either the county live stock inspector or his deputy had inspected the plaintiff's said stock prior to the giving of said notices, and that therefore plaintiff was entitled to the injunction prayed for. Thereupon the attorneys for the plaintiff and attorney for the defendant entered into the following stipulation, omitting the title: "The defendant hereby admits that the matters and things set out in the complaint in this action and as found by the court in its findings of fact heretofore filed in this action embrace all the issues involved in said action, and does hereby consent that the said findings of fact and conclusions of law heretofore made shall stand as the final findings and conclusions in this action, and that a decree granting a perpetual injunction may be entered in said action without notice." The defendant assigned as errors: (1) The court erred in granting the temporary injunction. (2) The court erred in granting plaintiff a final decree of injunction. (3) The court erred in extending the decree to the benefit of persons not parties to the action.

It is contended by the appellant that the proceedings of the county cattle inspector substantially complied with the law of the

state, and that the facts were such as to justify his proceedings, and not only was he justified under the law, but also by the order of the State Live Stock Commission; but we are of the opinion that the court was right in its conclusions. It is well settled that in proceedings had under a statute affecting the title or interests of parties in property, the statute must be strictly complied with, and that parties assuming to act under such statute must so conduct the same as to show that they are acting within the powers conferred upon them by the statute. Am. & Eng. Ency. of Law, 671. By section 4, c. 133, p. 219, Sess. Laws 1905, in defining the duties of county cattle inspector, it is provided: "It shall be his duty to inspect said cattle either in person or cause a deputy, hereinafter provided for, to perform said duties, and if it is found that said cattle are so infected, or have been exposed, he shall forthwith cause said cattle to be quarantined, and notify the owner or person in charge of them of the fact upon a printed form to be furnished by the state, and he shall also file a copy of said notice in the office of the county auditor of said county.. It is further made the duty of the said county cattle inspector to give the owner or person in charge of said cattle directions for the treatment thereof, and it is hereby made incumbent upon the owner or person in charge of said cattle, within ten days from date of service of said notice on him, to comply with the instructions or order of said county cattle inspector, in regard to the treatment of said cattle so infected or exposed. If said owner or person in charge of said cattle refuses for more than ten days to comply with the orders or instructions of said county cattle inspector the county cattle inspector is hereby authorized and empowered to cause said cattle to be treated as by him is deemed necessary. * * *" It will be noticed that, in order to authorize the inspector to proceed under the statute, he must, first, either by himself or deputy, inspect the herd of cattle claimed to be infected and find from such inspection that the cattle are so infected, or have been exposed to such infectious, contagious, or communicable disease, and must also give the owners instructions as to the manner of proceeding. In this case it is found by the court, and fully sustained by the evidence, that no such inspection had been made by the

county inspector or by his deputy, or that he or his deputy had determined from such inspection that the plaintiff's herd was infected, or had been exposed to any infectious or contagious disease, and that no instructions were furnished the plaintiff, as required by the statute. It is quite clear that the defendant had no authority therefore to give the notices served by him, through his deputy upon the plaintiff, or to take the threatened proceedings specified in the said notices.

It is further contended by the appellant that he was authorized to give the notices and take the proceedings threatened by him under the order of the State Live Stock Commission, but we cannot agree with the defendant in this contention. While it was perhaps proper for the state board to request the defendant to proceed in the discharge of his duties in protecting the live stock of the county, they could not authorize him, nor did they attempt to authorize him, to proceed otherwise than as provided by the statute, and hence the order of the board did not and could not in any manner abrogate the provisions of the statute or authorize the defendant to take proceedings other than those prescribed by the statute.

It is further contended by the appellant that the court erred in granting the injunction in favor of the 125 persons specified by the plaintiff as interested with him in preventing the threatened proceedings on the part of the defendant, but in view of the fact that the defendant interposed no demurrer to the complaint or moved to strike out the allegations relating to his 125 associates, and in view of the fact that the plaintiff in his complaint prayed that the defendant "be permanenly enjoined from seizing or attempting to seize the cattle of this plaintiff, as well as the cattle of his associates," and that the defendant in his answer raises no issue as to the right of the plaintiff to bring the action in behalf of himself and the other 125 persons named, and it does not affirmatively appear that this question was in any manner presented to the circuit court for its decision, and is presented for the first time in this court on this appeal, and in view of the further fact that the defendant stipulated that a decree granting a perpetual injunction might be entered in said action without notice, we are

of the. opinion that the court was justified in enjoining the defendant, not only from further proceedings in regard to the plaintiff's cattle, but also as to the .cattle of the parties for and on behalf of whom said action was instituted. For the reasons above stated, we do not deem it necessary to consider or discuss the question of the right of the plaintiff to institute the action in his own name and for the benefit of his 125 associates, and we therefore refrain from expressing any opinion upon that question at · this time.

Being of the opinion, therefore, that the court was right in its conclusions, and the proceedings and acts threatened by the defendant were without authority of law,· and therefore illegal and void, our conclusion is that the judgment of the circuit court granting the injunction, not only in favor of the plaintiff, but in favor of his associates, should be affirmed, and it is so ordered.

WHITING, J., taking no part in this decision.