# CASES

# SUPREME COURT

OF

# WASHINGTON

[No. 11065. *En Banc.* September 26, 1914.]

THE STATE OF WASHINGTON, *on the Relation of Oregon-Washington Railroad & Navigation Company, Appellant,* v. CHARLES W. CLAUSEN, *State Auditor, et al., Respondents.*[1]

TAXATION—VALUATION OF RAILROAD PROPERTY—EQUALIZATION—ARBITRARY ACTION — REVIEW BY CERTIORARI — REMEDIES — EQUITY. Because the writ of certiorari is not a practicable available remedy, the writ does not lie to review the action of the state board of equalization in arbitrarily deciding that it was bound by the valuation placed on certain railroad property by the public service commission, which it accepted as the true value regardless of any evidence that might be offered, and failed to make any investigation of the facts, or to introduce any evidence in support of its findings, and the record made of the evidence taken was incomplete; since there cannot be a review by certiorari without the evidence, and since there could be no remand to the state board of equalization after its dissolution by operation of law, under Rem. & Bal. Code, § 9204, limiting its sessions to twenty days; hence the only remedy for such arbitrary action is by an action in equity where evidence on the merits may be received.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered December 7, 1912, dismissing a proceeding to review an order of the state board of equalization in fixing the value of relator's properties for the purpose of taxation. Affirmed.

[1]Reported in 143 Pac. 312.

*A. C. Spencer, Bogle, Graves, Merritt & Bogle,* and *C. E. Cochran,* for appellant.

*The Attorney General,* for respondents.

## ON REHEARING.

MAIN, J.—This is an appeal from a judgment of the superior court quashing a writ of review. The facts, as alleged in the affidavit supporting the application for the writ, are in effect as follows:

On December 31, 1908, and for some years prior thereto, the Oregon Railroad & Navigation Company owned and operated a railroad system in this state. On this date, the railroad commission, of which the public service commission is the successor, made a finding fixing the value of this railroad property as of June 30, 1907, at the sum of $19,-500,000. Subsequent to June 30, 1907, and prior to the month of December, 1910, there were constructed, within the state, at various places, five or six separate railway lines. These lines were owned and operated by separate corporations. On December 23, 1910, the Oregon-Washington Railroad & Navigation Company, another corporation, acquired all these newly constructed lines and consolidated them into one system, together with the railroad property previously owned by the Oregon Railroad & Navigation Company, which had been found by the railroad commission to be of the value of $19,500,000. The consolidated system which was owned and operated by the Oregon-Washington Railroad & Navigation Company had not been valued by the public service commission prior to the year 1912.

On the 28th day of May, 1912, the state board of tax commissioners, upon the application of the Oregon-Washington Railroad & Navigation Company, granted it a hearing for the purpose of discussing the matter of assessment of all of the operating railroad properties of that corporation. At this hearing, the railroad company proposed and expressed a desire to introduce evidence for the purpose of establishing

a true cash value of all of its operating property in the
state, except the property originally owned by the Oregon
Railroad and Navigation Company, which had previously
been valued by the railroad commission at $19,500,000. In
response to this request, the tax commissioners informed the
representatives of the railroad company that they had re-
ceived from a member of the public service commission a let-
ter informing them that the public service commission had
received information to the effect that the railroad properties
constructed subsequent to June 30, 1907, and thereafter
acquired by the Oregon-Washington Railroad & Navigation
Company, had cost certain sums of money, and that the board
of tax commissioners would accept these sums as the true
cash value of the respective properties irrespective of any evi-
dence that might be offered by the railroad company. The
reason for this attitude of the tax commissioners was that
they believed they were not authorized to otherwise determine
the value of the property, under the decision of this court in
*State ex rel. Oregon R. & Nav. Co. v. Clausen*, 63 Wash. 535,
116 Pac. 7.

On or about the 3d day of July, 1912, the board of tax
commissioners fixed upon and accepted, as the true cash value
of the railroad properties of the Oregon-Washington Rail-
road & Navigation Company, the aggregate sum of $48,-
646,517 as a basis for assessment and taxation for the year
1912. After having determined upon this sum, it was, by
the board of tax commissioners, submitted to the state board
of equalization as the market value of the properties. On
September 5, 1912, the state board of equalization considered
the matter of the value of the operating properties owned by
the Oregon-Washington Railroad & Navigation Company.
This board, being composed of the three members of the
state tax commission, together with the state land commis-
sioner and the state auditor, entertained the same view as
to its right to go into the question of the property values
as did the tax commission. Notwithstanding this fact, cer-

tain officers or agents of the railroad company gave evidence which tended to support the position that the railroad properties in question, including that previously found by the railroad commission to be of the value of $19,500,000, did not exceed in value the sum of $39,707,243. At this time, no evidence was introduced by the board of equalization bearing upon the question of value. The board found the value of the operating properties of the combined system to be the sum of $48,646,517. No complaint is made of the fact that, in this finding, is included the value of the original Oregon Railroad & Navigation Company property, as fixed by the railroad commission on December 31, 1907; but the controversy is over the value of the newly constructed lines for the purposes of taxation. On or about the 17th day of October, 1912, the railroad company applied to the superior court of Thurston county for a writ of certiorari to review the action of the state board of equalization. Upon the showing made, an order was entered directing the writ to issue. Thereafter a motion was interposed to quash the writ. Upon a hearing, this motion was granted, and from the judgment entered quashing the writ, this appeal is prosecuted.

From the facts stated, it would appear that the state board of equalization failed to make an investigation of the facts, and failed to exercise its judgment or discretion as to the value of appellant's property, because it conceived that it had no power to do so under the holding in the *Clausen* case. The board, however, permitted the appellant to present certain evidence. The record as made is an incomplete one. It does not contain, according to the allegation of the affidavit filed in support of the petition for the writ, either evidence supporting the finding, nor a finding based upon facts disclosed by an investigation. Had the board conceived that it had the power to do so, it is only fair to assume that, in the performance of its duty, it would have placed in the record evidence supporting its findings or would have made an in-

vestigation upon which it would have exercised its judgment or discretion. The record being thus incomplete, there is no way in a certiorari proceeding whereby it can be corrected or added to. The cause could not be remanded to the state board of equalization, because that board has long since adjourned. If the cause came before the superior court in response to a writ of review, that court would, as is this court, be bound by the record as made before the state board of equalization. It could not receive testimony *dehors* the record in a cause brought before it by certiorari for the purpose of reviewing the action of the state board of equalization. *State ex rel. Spokane & Inland Empire R. Co. v. State Board of Equalization,* 75 Wash. 90, 134 Pac. 695.

A writ of certiorari is not a practical available remedy for the purpose of reviewing the action of an inferior tribunal when the question is one of fact and the record is incomplete. To hold that, because the state board of equalization misconceived its power by reason of its failure to correctly interpret the decision of this court, and thereby failed to make a complete record, the cause must be decided upon the evidence offered by one party only, would not only be harsh and unreasonable but unjust as well. In *State ex rel. Spokane & Inland Empire R. Co. v. State Board of Equalization, supra,* it was held that, where there was no evidence in the record controverting the finding of the value by the public service commission, the writ of certiorari was not a practical available remedy. It was there said:

"While it is apparent from our statutes and the decisions we have noticed that there is no want of authority in the courts to review by certiorari actions of boards of equalization which unlawfully invade the rights of the taxpayer, yet it seems plain to us that, in this particular proceeding, it is quite impossible for the court to render to appellant any practicable or effective relief, in so far as any final judgment determining the proper amount of the assessment to be put upon its operating property for the year 1912 is concerned, since we have seen there are no facts before us tend-

ing to show any valuation of appellant's property other than the findings of the public service commission, the correctness of which is challenged by appellant. The following decisions are of interest upon this subject, though we do not cite them as being directly in point. They show the impracticability of reviewing the action of taxing officers by certiorari proceedings where there is no authority for the court considering anything other than the record made by the taxing officers, and the relief must of necessity, to be effectual, be a final judgment upon the merits, rather than a remanding of the matter for correction by such officers. *People ex rel. Westbrook v. Trustees of Ogdensburgh*, 48 N. Y. 390; *People ex rel. Mayor etc. of New York v. McCarthy*, 102 N. Y. 630; *Ward v. Board of Equalization of Gentry County*, 135 Mo. 309, 36 S. W. 648; *Tomlinson v. Board of Equalization*, 88 Tenn. 1, 12 S. W. 414, 6 L. R. A. 207.

"Counsel for appellant make some contention that, even though the record before us is not such as to enable us to make or direct the superior court to make a final determination as to the correct assessable value of the relator's operating property, the allegations of the complaint show arbitrary action on the part of the board of equalization, and that it is, therefore, entitled to have that question adjudicated by the superior court in its favor, and the proceedings remanded to the board of equalization with directions to proceed to hear appellant's offered evidence touching the value of its property and make a valuation thereof as its judgment may then dictate. By the provisions of Rem. & Bal. Code, § 9204 (P. C. 501 § 159), the state board of equalization is required to meet on the first Monday in September in each year. It is provided therein that 'they shall remain in session not to exceed twenty days.' It is apparent that the state board of equalization met and adjourned in the year 1912, in pursuance of this provision, before the commencement of this proceeding. When it adjourned it was dissolved by operation of law for that year. We cannot see our way clear to direct the remanding of the proceedings to that board in view of this situation. It is apparent, however, from our previous decisions that appellant is not without remedy, if in fact it has been wronged by arbitrary and unlawful action of the state board of equalization. *Andrews v. King County*, 1 Wash. 46, 23 Pac. 409, 22 Am. St. 136; *Temple-*

*ton v. Pierce County*, 25 Wash. 377, 65 Pac. 553; *Miller v. Pierce County*, 28 Wash. 110, 68 Pac. 358; *Dickson v. Kittitas County*, 42 Wash. 429, 84 Pac. 855; *Case v. San Juan County*, 59 Wash. 222, 109 Pac. 809; *Metropolitan Bldg. Co. v. King County*, 62 Wash. 409, 113 Pac. 1114; Ann. Cas. 1912 C. 943; *Savage v. Pierce County*, 68 Wash. 623, 123 Pac. 1088.

"An original action on the equity side of the court, where evidence may be received bearing upon the merits of the question of the proper amount of the relator's assessment, as well as the alleged arbitrary and unlawful action of the board of equalization, is, in our opinion, the only practical remedy available to the relator, since the board of equalization for 1912 has been dissolved, and the proceedings before that board do not show sufficient facts to enable the court to determine the proper amount of assessment to put upon the relator's property as a basis for computing taxes payable by it."

If there cannot be a review in a certiorari proceeding when there is no evidence in the record for the purpose of overcoming the finding of the public service commission, by the same token it must follow that there cannot be a review in a certiorari proceeding where the question is one of fact and the record is not complete, as in the present case. In principle, there can be no distinction, whether there is no evidence or whether the record is incomplete as to the necessary evidence which would permit the court to review the cause upon the merits and render a final judgment. It is claimed, however, that the facts of the present case bring it within the holding in the *Clausen* case. In this we do not concur. In that case, the state board of equalization had before it the finding of the railroad commission. It did not abide by this finding, but made a finding which increased the value of the relator's property therein for the purposes of taxation and assessment. It was there held that, "the legislature intended that the commission's findings should leave no doubt or uncertainty and that they are conclusive after made un-

less revised by the court in a proper proceeding." The find-
ing of the commission being binding and conclusive as there
held until revised by the courts, the question in that case be-
came one of law rather than one of fact. In the present case,
whatever may be said as to the evidence introduced on behalf
of the relator, it does not rise to such dignity that it is not
subject to be controverted. The question in this case is one
of fact and not one of law, as in the *Clausen* case.

We have been cited to some cases where the action of tax-
ing boards has been reviewed by writ of certiorari. The
principal of these cases are reviewed in the case of *State ex
rel. Spokane & Inland Empire R. Co. v. State Board of
Equalization, supra,* and it is there pointed out that in none
of them was the question raised. It might also be added that
in none of the cases cited are the facts parallel with the pres-
ent case. In none of them was a disputed question of fact
held to be reviewable upon an incomplete record over the ob-
jection of one of the parties thereto. When this cause was
presented in the department (*State ex rel. Oregon-Wash-
ington R. & Nav. Co. v. Clausen,* 75 Wash. 698, 134 Pac.
1080), it seemed so obvious that it was controlled by the
*Spokane & Inland Empire R. Co.* case, then recently decided,
that an elaboration of the case in a formal opinion was not
deemed necessary. In the brief memorandum filed by the de-
partment, there appears an inaccurate statement relative to
distinction between this case and the *Spokane & Inland Em-
pire R. Co.* case. While this statement was upon an entirely
immaterial matter, in the interest of accuracy, attention
should be called to it.

Since the decision of the department was filed, this case
has been prosecuted in this court with a vigor, not to say
vehemence, which has seemed hardly necessary, in view of
the fact that, in the *Spokane & Inland Empire R. Co.* case,
it was made very plain that the doors of the court of equity
were open, if, in fact, a taxpayer "has been wronged by the

arbitrary and unlawful action of the state board of equalization."

The judgment will be affirmed.

CROW, C. J., ELLIS, PARKER, FULLERTON, GOSE, and MOUNT, JJ., concur.