## PUGET MILL CO. v. SKAGIT COUNTY.

(District Court, W. D. Washington, N. D.    May 10, 1917.)

No. 3467.

1. TAXATION ⬤═▷482(2)—CORRECTION OF ASSESSMENTS—NOTICE TO PROPERTY OWNERS.

Under Rem. & Bal. Code Wash. § 9200, subd. 1, authorizing the board of equalization to raise the valuation of real property which, in their opinion, is returned below its fair value, after at least five days' notice in writing to the owner or agent, a notice to appear before the board and show cause why the valuation of land should not be raised, stating that the board would be in session on Monday, Tuesday, and Wednesday during the first three weeks in August, and on Saturday of the third week, being the 21st of August, was insufficient, as, under the decisions of the state Supreme Court, the property owner must be notified to appear on a date certain.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 855.]

2. COURTS ⬤═▷366(6)—FEDERAL COURTS—STATE LAWS AS RULES OF DECISION.

The Supreme Court of a state having construed a statute as to notice to property owners of a proposed change in the valuation of their property, the federal court must regard such construction as a part of the statute and be bound thereby.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 961.]

At Law. Action by the Puget Mill Company against Skagit County. Decree for plaintiff.

Hughes, McMicken, Dovell & Ramsey and Palmer & Askren, all of Seattle, Wash., for plaintiff.

A. R. Hilen, Pros. Atty., and Thomas Smith, both of Mt. Vernon, Wash., for defendant.

NETERER, District Judge. Plaintiff seeks to recover from the defendant $7,313.86, together with interest from June 1, 1916. It is al-

leged that the board of equalization of Skagit county, without notice, arbitrarily raised the valuation of lands by plaintiff owned in the county, and taxes were levied upon such valuation, and that the amount sought to be recovered is the amount represented by such unwarranted act on the part of the equalization board; that the amount of taxes represented by the valuation returned by the county assessor was tendered and refused, and on June 1st, when said taxes had become delinquent, for the purpose of preventing the issuance of delinquency certificates, the amount claimed was paid, under protest, however, and that demand for such repayment was duly made thereafter, and refused.

It is conceded that a notice was given to the plaintiff company by the board of equalization of Skagit county on the 3d day of August, 1915, which was received by the plaintiff company on the following day. The notice reads, omitting formal parts:

"You are hereby notified to be and appear before the board of equalization of Skagit county, Washington, and show cau$e, if any you have, why the assessed valuation of the property as per annexed schedule shall not be raised from the items marked 'Present Valuation' in said schedule to the items under the title 'Raised to' in said schedule. And you are hereby notified that if you fail, neglect, or refuse to so appear, or fail to show good and sufficient cause why said proposed raise should not be made, then the said board will proceed to make such raise in assessed valuation on property as specified in said schedule.

"You are further notified that the said board of equalization for the year 1915 will be and remain in session in the commissioners' rooms at the courthouse in Mt. Vernon, Skagit county, Washington, between the hours of 9 o'clock in the forenoon and 4 o'clock in the afternoon of each and every Monday, Tuesday, and Wednesday during the first three weeks in August, and will also be in session, between the same hours as stated, on Saturday of the third week in August, being the 21st day of said month, which day will be the last day of said session."

Attached to this notice was a description of the property, with the returned valuation and the proposed valuation opposite each description. The section of the Washington statute under which the board of equalization was proceeding (section 9200, subd. 1, Rem. & Bal. Code) provides as follows:

"They shall raise the valuation of each tract or lot of real property which in their opinion is returned below its true and fair value, to such price or sum as they believe to be the true and fair value thereof, after at least five days' notice shall have been given in writing to the owner or agent."

[1, 2] It is contended that under this section of the statute, as construed by the Supreme Court of the state, the plaintiff was entitled to have a date certain fixed by the notice when the matter would be heard, and Everett Water Co. v. Fleming, 26 Wash. 364, 67 Pac. 82, is cited as conclusive of the contention. In this case the notice reads, omitting formal parts:

"You are hereby notified to appear before the board of equalization within five days from the date of this notice and show cause if any, why the * * * assessment of your company for the year 1901 should not be raised. * * * Board will be in session from the 19th to the 24th of this month."

Notice was dated August 16th, and the Supreme Court (26 Wash. at page 367, 67 Pac. 83) says:

"It will be observed that the statute provides that this action shall be taken after at least five days' notice shall have been given to the owner, and the notice calls upon the company to appear within five days from the date of the notice. So it would seem that in any event the statutory notice, without which the valuation cannot be raised, and which is a jurisdictional prerequisite, was not given. It is, however, contended by the appellants that, inasmuch as the board did not act until the 24th day of August, fully five days had elapsed between the date of the notice and the action of the board in raising the assessment. But we think the statute contemplates a notice given to the property holder with a date certain, fixed for his appearance, and that that certain date must be fixed more than five days from the service of the notice."

It is contended on the part of the defendant that the notice in the instant case is distinguishable from the notice in Everett Water Co. v. Fleming, supra, in that a definite date was named as the 21st, and that the notice merely gave to the owners the option of appearing at any time upon any of the other days.

I think an analysis of the two notices would hardly justify this conclusion, as the 24th, being the last day in the Everett notice, is fully as emphatic as the 21st in the notice in issue. The employment of the term "within five days" in the Everett notice was not the determining factor, and no doubt was employed through inadvertence, and if a day and time certain had been fixed for hearing the matter after five days' notice the term "within" would not have been controlling, as it was not in the decision. There is no legal distinction between the 19th and the 24th of a month, and the Mondays, Tuesdays, and Wednesdays of each week and the 21st or Saturday of the last week, and the Supreme Court of the state having construed this section of the statute, this court must regard it as a part of the statute and be bound thereby. Leffingwell v. Warren, 2 Black (67 U. S.) 599, 17 L. Ed. 261; Lewis v. Monson, 151 U. S. 545, 14 Sup. Ct. 424, 38 L. Ed. 265; Cargill Co. v. Minnesota, 180 U. S. 452, 21 Sup. Ct. 423, 45 L. Ed. 619; Jacobson v. Massachusetts, 197 U. S. 11, 25 Sup. Ct. 358, 49 L. Ed. 643, 3 Ann. Cas. 765. The protest was sufficient, and if a verified demand was necessary, it was waived.

A decree may be presented in favor of the plaintiff.