## SKAGIT COUNTY v. PUGET MILL CO.

(Circuit Court of Appeals, Ninth Circuit. April 1, 1918.)

No. 3080.

1. TAXATION ⬥482(2)—CORRECTION OF ASSESSMENTS—NOTICE TO PROPERTY OWNERS.

Under Rem. & Bal. Code Wash. § 9200, as amended by Sess. Laws Wash. 1915, p. 343, authorizing the board of equalization on five days' notice to raise the valuation of real property believed to be returned below its full value, a notice to appear before a county board and show cause why the valuation of land should not be raised, which stated that the board would be in session Monday, Tuesday, and Wednesday during

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the first three weeks of August and on Saturday of the third week, is insufficient, not fixing any date certain when the matter would be heard.

2. COURTS  366(6)—FEDERAL COURTS—DECISIONS OF STATE COURT AS PRECEDENT.

Where the Supreme Court of a state deliberately considered and construed a statute relating to notice to property owners of proposed changes in valuation, the federal courts will abide by the construction given, though it be questioned as dictum.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Action by the Puget Mill Company against Skagit County. There was a judgment for plaintiff (242 Fed. 333), and defendant brings error. Affirmed.

A. R. Hilen and Thomas Smith, both of Mt. Vernon, Wash., for plaintiff in error.

Hughes, McMicken, Ramsey & Rupp and Palmer & Askren, all of Seattle, Wash., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. The county assessor for Skagit county, Wash., assessed certain timber lands owned by the defendant in error, and thereafter the board of equalization for the county raised the valuation. A notice, dated July 3, 1915, was sent to the mill company to appear before the board and show cause, if any there was, why the assessed value should not be raised as outlined in the notice. The notice continued:

"You are further notified that the said board of equalization for the year 1915 will be and remain in session in the commissioners' rooms at the courthouse in Mt. Vernon, Skagit county, Washington, between the hours of 9 o'clock in the forenoon and 4 o'clock in the afternoon of each and every Monday, Tuesday, and Wednesday during the first three weeks of August, and will also be in session between the same hours as stated on Saturday of the third week in August, being the 21st day of said month, which day will be the last day of said session."

The taxes became delinquent, and the mill company paid under protest, and brought suit against the county to recover the difference between the tax assessed upon the valuation fixed by the board of equalization and the tax which would have been assessed on the valuation as returned by the county assessor. Judgment was ordered in favor of the mill company, and the county brought error.

[1] The single question presented is: Was the notice to appear before the board of equalization sufficient to give the board jurisdiction to raise the taxes of the mill company? Section 9200, Rem. & Bal. Ann. Codes & St. Wash., as amended by Sess. Laws Wash. 1915, p. 343, c. 122, after providing for the formation of a board of equalization of assessment, requires that the board shall meet for equalization purposes on the first Monday of August, and examine and compare the rates of assessment of property of the county, and proceed to equalize the same, subject to certain rules, one of which pre-

scribes that the board shall raise the valuation of each tract "which in their opinion is returned below its true and fair value, to such price or sum as they believe to be the true and fair value thereof, after at least five days' notice shall have been given in writing to the owner or agent." The point made by the mill company is that, under the statute just cited, the taxpayer was entitled to have a date certain fixed by the notice when the matter of its taxes would be heard. The point is well taken. In Everett Water Company v. Fleming, 26 Wash. 364, 67 Pac. 82, it was held by the Supreme Court of the state that the statute contemplates a notice given to the property holder, with a date certain fixed for his appearance, and that such certain date must be fixed more than five days from the service of the notice; that the property holder is not obliged by the law to be in constant attendance upon the board of equalization during its entire session, but has a right to have his day in court fixed and determined by the notice.

[2] It is urged that the view of the Supreme Court of the state upon the point under consideration should be regarded as obiter dictum. But, as the court deliberately considered and construed the clause of the statute which relates to a notice fixing a date certain for the appearance of the property owner, we abide by the construction given. Lewis v. Monson, 151 U. S. 545, 14 Sup. Ct. 424, 38 L. Ed. 265.

Affirmed.