[No. 18647. Department Two. March 12, 1925.]

WEYERHAEUSER TIMBER COMPANY, *Respondent*, v. PIERCE COUNTY *et al., Appellants.*[1]

TAXATION (100, 103)—VALUATION OF PROPERTY—EQUALIZATION—REVIEW—CERTIORARI OR SUIT IN EQUITY. A writ of certiorari to review the action of the board of equalization in increasing taxes is inadequate, where relief is based on facts which do not appear on the face of the record before the board; hence relief may be sought by an independent suit in equity.

SAME (93)—VALUATION — EQUALIZATION — NOTICE OF INCREASE—STATUTES. A seven-day notice by mail to the owners of property to appear before the board of equalization at a hearing to raise their assessment for taxes is void, under Rem. Comp. Stat., § 11219, which provides that written notice be given the owner five days before the hearing; in view of the rule that personal service is required where the statute does not prescribe the manner of service, and of Id., §§ 246, 247, authorizing service by mail only where the parties reside in different places and requiring double time for service by mail.

SAME (93). An owner's knowledge of a hearing to raise an assessment for taxes does not confer jurisdiction upon the board of equalization to increase the tax.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 25, 1925, in favor of the plaintiff, in an action for equitable relief, tried to the court. Affirmed.

*J. W. Selden, Frank D. Nash,* and *D. D. Schneider,* for appellant.

*Lyle, Henderson & Carnahan* and *Hayden, Langhorne & Metzger,* for respondent.

FULLERTON, J.—Pursuant to the provision of the statute (Rem. Comp. Stat., § 11109) [P. C. § 6896], requiring real property to be listed and assessed biennially for the purposes of taxation, the county

[1]Reported in 233 Pac. 922.

assessor of Pierce county, in the year 1922, listed and assessed the real property of respondent, Weyerhaeuser Timber Company, for the ensuing biennium. In due course of procedure, the listings and valuations made by the assessor were carried into the assessment roll of the county and the valuations duly equalized by the county board of equalization at its August session of the year 1922.

The respondent's lands have value chiefly because of the timber upon them. In March, 1923, the board of county commissioners of Pierce county, feeling that the timber lands generally of the county were valued too low for assessment purposes, called the assessor in conference, when the matter was gone over between them. The result of the conference was that the assessor agreed to examine into such valuations and report his conclusions to the board in time to take action, if action was found advisable, at the coming August session of the board of equalization. The assessor subsequently revalued the properties, filing with the county commissioners what he termed a rate sheet, in which he recommended an increase in the valuation of a large part of the respondent's properties. The increase recommended was substantial. While the total of the increase is not tabulated in the record, an examination of the rate sheet shows that on each of the tracts listed there was a marked increase over the valuations of 1922, and that on a considerable part of them the valuations were more than doubled.

The board of equalization, at its August meeting in 1923, took cognizance of the recommendations of the assessor and resolved to increase the valuations of the respondent's property to the amount recommended by the assessor, unless reasons to the contrary were shown. To that end they caused written notices to be mailed to the respondent of that purport. A separate

notice was mailed for each separate tract on which an increase in value was recommended—some 344 in number. They were mailed on August 6, 1923, and required the respondent to appear before the board on the 13th of the same month. The respondent did not appear in response to the notice, and the board, later on in its session, raised the value of its property for assessment purposes for the ensuing year to the sums recommended by the assessor. The county officers proceeded to spread the new valuations on the assessment rolls of the county, whereupon the respondent brought the present suit to have the action of the board of equalization declared null and void, and to require the county assessor to accept taxes on its property based on the valuations made by the assessor in the year 1922. Issue was taken on the complaint and a trial was had, resulting in a decree in accordance with the prayer of the complaint. The county and its co-defendants appeal.

The appellants question the right of the respondent to maintain its suit; the contention being that no ground for equitable relief was shown, and that the respondent had a complete remedy by a writ of review. But we cannot think the contention requires extended discussion. The relief sought was based in part upon facts which did not appear on the face of the record made by the board of equalization, and in such cases it is our rule that relief may be sought by an original suit brought on the equity side of the court. *State ex rel. Spokane & Inland Empire R. Co. v. State Board of Equalization,* 75 Wash. 90, 134 Pac. 695; *State ex rel. Oregon-Washington R. & Nav. Co. v. Clausen,* 82 Wash. 1, 143 Pac. 312. In the first of these cases the remedy was sought by a writ of review, but we held the proceeding inadequate, pointing out that "our statutory certiorari and review proceeding con-

templates a review in the courts of the proceeding had in an inferior tribunal only upon the record of such proceeding made therein,'' and holding that ''an original action on the equity side of the court . . . was the only practical remedy available'' where the facts did not so appear. The second case is to the same effect. There the remedy was sought by a writ of review, and was dismissed by the court of original jurisdiction on the ground that the remedy was inadequate. This court affirmed the holding, again pointing out that in such instances the ''doors of the court of equity were open'' to the taxpayer. The cited cases may be consulted also for cases where we have entertained suits in equity to correct the proceedings of a taxing board.

The trial court held the proceedings of the board of. equalization void because of want of sufficient notice to the respondent. As we have said, the notice was given by mail on the 6th day of the month and fixed the 13th day of the same month as the time on which the respondent was required to appear. The statute under which the board of equalization acted (Rem. Comp. Stat., § 11219) [P. C. § 7014], provides:

''Third. They [the board of equalization] shall raise the valuation of each class of personal property which in their opinion is returned below its true and fair value to such price or sum as they believe to be the true and fair value thereof, and they shall raise the aggregate value of the personal property of each individual whenever they believe that such aggregate value is less than the true valuation of the taxable personal property possessed by such individual to such sum or amount as they believe to be the true value thereof, after at least five days' notice shall have been given in writing to the owner or agent thereof.''

We agree with the trial court that the notice given was insufficient. The statute does not in this connec-

tion prescribe in terms the mode or manner of giving the notice, and the rule is general that where notice is required to be given, and the mode and manner of giving it is not prescribed, a personal service is requisite. *Haj v. American Bottle Co.,* 261 Ill. 362, 103 N. E. 1000, Ann. Cas. 1915A 220, and note. The result must be the same, even were it conceded that the practice act relating to the service of notice by mail had application. Under that act, service by mail is authorized only when the person making the service and the person on whom it is to be made reside at different places between which there is a regular communication by mail (Rem. Comp. Stat., § 246) [P. C. § 8455], and here both parties resided at the same place. And, further than this, the time of service when made by mail must be double that required in case of personal service (Rem. Comp. Stat., § 247) [P. C. § 8456], and the return day fixed by the notice in this instance was much less than double such time. *Lewis v. Bishop,* 19 Wash. 312, 53 Pac. 165; *Everett Water Co. v. Fleming,* 26 Wash. 364, 67 Pac. 82.

The appellants point to the fact that the respondent received the notices on the day following the day on which they were mailed, and argue that, "while we admit that the purpose of the statute was that the property owner was entitled to have a written notice five days in writing before the time set for hearing, that if such notice was given and actually received more than five days before such time, the purpose of the statute is accomplished and the property owner has had every opportunity given him by the statute to appear at the day and hour fixed and make any objection that he had to the raise in valuation." But the question is one of jurisdiction over the person of the respondent. This jurisdiction could be acquired in only one of two ways; by the voluntary appearance

of the respondent, or by the service of notice upon it in the manner required by law. Knowledge of the pendency of the proceedings, or service in an unauthorized manner, is not sufficient to confer jurisdiction.

*Osborne & Co. v. Columbia County Farmers Alliance Corporation*, 9 Wash. 666, 38 Pac. 160; *Bennett v. Supreme Tent etc. Maccabees*, 40 Wash. 431, 82 Pac. 744, 2 L. R. A. (N. S.) 389; *Interior Warehouse Co. v. Hays*, 91 Wash. 507, 158 Pac. 99; *Nevin v. Pacific Coast & Norway Packing Co.*, 105 Wash. 192, 177 Pac. 739.

The decree is affirmed.

MAIN, BRIDGES, MACKINTOSH, and HOLCOMB, JJ., concur.