WALSH, Appellant, v. GLESSNER, County Auditor, et al, Respondents.

(238 N. W. 572.)

(File No. 7016. Opinion filed October 26, 1931.)

*O'Keeffe & Stephens,* of Pierre, for Appellant.

*F. J. Eager,* State's Attorney, and *Clinton J. Crandall, Jr.,* both of Onida, for Respondents.

CAMPBELL, J.  Facts relevant to the present controversy, as shown by the record, are as follows:  While the county board of equalization of Sully county was in session in July, 1927, matters unnecessary to be here recited came to their notice, whereby they arrived at the opinion that certain live stock belonging to plaintiff (a resident of Hartford township in said Sully county) and in his possession in his home pasture (not upon the open range, cf. section 5, c. 112, Laws 1919) had been omitted from assessment.  The county board of equalization undertook to place such live stock upon the assessment roll, their exact manner and method of procedure not being shown by the present record.  This action of the county board of equalization was vacated and annulled by the circuit court of Sully county at the September, 1927, term for

reasons and upon grounds not disclosed by the present record. Thereafter a second attempt was made to place the property believed to have been omitted upon the assessment roll in the name of plaintiff for taxation. This second attempt was made by the county auditor of Sully county, one of the present defendants, pursuant to the authority granted by chapter 110, Laws 1919. On September 27, 1927, the county auditor served notice in writing upon the plaintiff (receipt of which notice is admitted by plaintiff) reciting that the auditor had learned that said live stock (describing it) belonging to plaintiff had been omitted from the assessment roll, and informing plaintiff that there would be a hearing upon said matter at the courthouse in Onida on November 2, 1927, at 2 o'clock p. m., at which time plaintiff might appear and show cause, if any, "why this property should not be placed upon the assessment roll and the penalty added thereto as provided by law." Plaintiff failed to appear in accordance with the requirement of the notice. On November 3, 1927, the auditor placed such property upon the assessment roll and entered a valuation therefor, together with a penalty of 50 per cent (section 6691, R. C. 1919), and extended the tax thereon. No further steps were taken until December 31, 1927, on which day the auditor filed in her own office a statement of the facts upon which she made such assessment and certified the assessment to the defendant county treasurer. July 3, 1928, plaintiff applied to the circuit court for writ of certiorari to review the acts of the county auditor and county treasurer in attempting to assess said property, extend the same upon the tax list and collect the tax. The writ issued in the court below and the matter thereafter duly came on for hearing, and on December 24, 1928, judgment was entered in the court below dismissing the writ, thereby, in substance, affirming the proceedings of the county officer defendants. Section 3003, R. C. 1919. From that judgment plaintiff has now appealed to this court.

The proceedings in certiorari brought before the circuit court the question of whether or not respondent county officers had exceeded their jurisdiction (section 2996, R. C. 1919), and had failed regularly to pursue the authority in them vested (section 3002, R. C. 1919; State ex rel American Express Co. v. State Board of Assessment and Equalization [1892] 3 S. D. 338, 53 N. W. 192). The statutory source of the authority sought to be exercised by

respondent officers is chapter 110, Laws 1919, which reads as follows:

"Section 1. Whenever the County Auditor shall discover or receive credible information, or if he shall have reason to believe that any real or personal property has from any cause been omitted, in whole or in part, in the assessment of any year or number of years, he shall proceed to correct the assessment rolls and add such property thereto, with the valuation.

"Sec. 2. If the person claiming to own such property, or occupying it, or in possession thereof, resides in the county and is not present, the county auditor shall give such person notice in writing of his action in adding such property to the assessment rolls, describing it in general terms, and requiring such person to appear before him at his office at a specified time within fifteen days after giving such notice, and to show cause, if any, why such property should not be added to the assessment rolls, and if the party so notified does not appear, or if he appears and fails to show any good and sufficient cause why such assessment shall not be made, the same shall be made, and the county auditor shall charge such property and the owner thereof with the amount of taxes thereon, and enter such valuation and taxes so extended on the tax list of the year for which such omitted property is liable, and to enable him to do so he is invested with all the powers of assessor under this Act. He shall upon completing such assessment and extending the tax thereon, immediately certify to the county treasurer the name of the owner, the value of the property so assessed, and the year or years for which such assessment is made, the name or number of school district and the name of the township, town, or city in which such property is located, and the amount of tax extended against the same, and if such assessment be upon any tract or tracts of real property, a legal description of same must be given, and there shall be attached to said certificate a warrant for the collection of such taxes, and the county auditor shall, in all cases, file in his office a statement of the facts or evidence on which he made such correction or additional assessment. The auditor so entering such omitted property for taxation shall, at the time of entering the same on the tax rolls, deposit in the United States mails, properly addressed to the taxpayer against whom the assessment is made, a notice of said assessment.

"Sec. 3. The county treasurer shall, upon receipt of such certificate, enter said assessment and the taxes so extended upon the duplicate tax list for such year or years, and proceed to collect the same in the manner provided by law for the collection of other taxes."

It will be observed that the statute in cases where, as in the present case, the property owner is a resident of the county but is not present when the auditor undertakes to assess the omitted property, imposes at least the following duties upon the auditor: First, the auditor must give notice to the property owner in writing describing the property in general terms and requiring the owner to appear "at a specified time *within fifteen days* after giving such notice," and show cause, if any, why such property should not be added to the assessment rolls. Second, upon completing such assessment and extending the tax thereon the auditor "shall * * * *immediately* certify to the county treasurer the name of the owner, the value of the property so assessed, the year or years of assessment, the amount of tax extended," etc. Third, the auditor shall file in his own office a statement of the facts or evidence upon which he made such assessment. Fourth, the auditor shall *"at the time of entering the same on the tax rolls* deposit in the United States mails, properly addressed to the tax payer against whom the assessment is made, a notice of said assessment."

In this case the county auditor notified appellant to show cause why such property should not be added to the assessment rolls, but instead of notifying appellant to appear "at a specified time within fifteen days after giving such notice," the auditor notified appellant to appear on a day certain, thirty-six days after giving such notice. The auditor certified the assessment to the county treasurer, but, instead of certifying the same "immediately * * * upon completing such assessment and extending tax thereon," made the certification fifty-eight days thereafter. The auditor filed in her own office a statement of the facts or evidence upon which she made such assessment, but instead of filing such statement at the time of making the assessment, filed the same fifty-eight days thereafter. Respondent auditor entirely failed either "at the time of entering the same on the tax rolls," or at any time thereafter, to deposit in the United States mails, properly addressed to the tax-

payer against whom the assessment was made, a notice of said assessment.

■■ The power of a county auditor, after the assessment rolls have been returned by the assessor, to place omitted property thereon and himself assess the same, is purely statutory in origin. The language of the statute is mandatory, and the statute being the sole source of the power, substantially complete compliance therewith is necessary to a valid exercise thereof. See, Cooley, Taxation (4th Ed.) § 1119; Deeters v. Clarke (1909) 23 S. D. 298, 121 N. W. 788; People ex rel Rea v. Nokomis Coal Co. (1923) 38 Ill. 45, 139 N. E. 41; Gray v. Foster (1910) 46 Ind. App. 149, 92 N. E. 7; Weyerhaeuser Timber Co. v. Pierce County (1925) 133 Wash. 355, 233 P. 922; Northwestern Improvement Co. v. Oliver County (1917) 38 N. D. 57, 164 N. W. 315.

■ No other general rule can safely or properly be established. The necessary procedure being prescribed by the statute granting the power, the officer to whom the power is granted is not at liberty to disregard the legislative will, and set up a procedure of his own, even though the procedure he follows may be believed to be as well, or even better, adapted to accomplish the desired ends as the procedure prescribed by the statute. And the matter being jurisdictional, it is not material that the appellant in this case, who did not appear but elects to stand upon the statute, is perhaps no worse off in any respect than he would have been had the statute been properly followed.

We are of the opinion that the lower court erred in dismissing the writ, and the judgment appealed from is reversed.

POLLEY, P. J., absent and not sitting.
ROBERTS, WARREN, and RUDOLPH, JJ., concur.