[No. 13289.   Department One.   October 4, 1916.]

NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*, v.
KING COUNTY, *Appellant*.[1]

TAXATION—RAILROAD PROPERTY—OPERATING PROPERTY — REAL ESTATE—STATUTES. Rem. 1915 Code, § 9152, providing that in the making of the assessment of the operating property of railroads, the right of way, tracks, stations and buildings used in operating the railroad shall be assessed as real estate, and the rolling stock and movable property as personal property, is to be construed in connection with Id., § 9142, defining operating property to include right of way, tracks, terminals and other real estate used in operation, and that real estate not adjoining its tracks, stations or terminals and not used in operating the railroad shall be assessed in like manner as like property of individuals; and thereunder real estate used in the operation of the railroad which adjoins its tracks, stations or terminals is to be assessed as operating property.

SAME—RAILROAD PROPERTY—"OPERATING PROPERTY" — CLASSIFICATION—PUBLIC SERVICE COMMISSION—TAX COMMISSIONERS—POWERS—STATUTES. Under the public service commission act, as amended in 1913, Rem. 1915 Code, § 8626-92, authorizing the railroad commission to classify operating and nonoperating property of railroad com-

[1]Reported in 160 Pac. 8.

panies, and providing that the findings of the commission shall be conclusive, "excepting with respect to matters of assessment and taxation," and Rem. 1915 Code, § 9142, relating to the duties of the state tax commission, providing that the state tax commissioners shall make an annual assessment of the operating property of all railroad companies and defining operating property as including real estate adjoining its tracks, the railroad commission has power to classify the operating property of railroads and having classified real estate adjoining terminal grounds as operating property, the state tax commission has no authority to reclassify the same as nonoperating property because not used in operating that year, so as to authorize its assessment by the county assessor in like manner as the real estate of individuals; since the two acts are to be construed together, and the exception of the amendment of 1913 as to assessments for taxation refers only to the right of the tax commission to fix a different value upon railroad property than that fixed by the public service commission, and not to a reclassification of operating property.

Appeal from a judgment of the superior court for King county, Ralston, J., entered July 1, 1915, upon findings in favor of the plaintiff, in an action to cancel a tax, tried to the court. Affirmed.

*Alfred H. Lundin, Robert H. Evans*, and *S. M. Brackett*, for appellant.

*Geo. T. Reid, J. W. Quick, L. B. da Ponte*, and *C. A. Murray*, for respondent.

MOUNT, J.—This action was brought by the respondent to cancel a tax upon three blocks of Seattle tide lands, which blocks had been assessed by the county assessor for the year 1914 as commercial or nonoperating property of the railway company. Upon a trial of the issues to the lower court, a judgment was entered as prayed for in the complaint. The county has appealed.

It appears that these blocks are adjoining its tracks, stations and terminal grounds, and were purchased and held by the railway company for terminal grounds. They have been occupied by a telegraph line and a side track. By reason of the fact that these blocks were not entirely occupied by the

railway company for the purposes of side tracks and terminal grounds, the state board of tax commissioners classified the portion of the blocks not occupied by the railway company as commercial property, and they were so assessed.   The railway company has paid the taxes upon its operating property and claims that the order of the tax commission classifying these blocks as commercial property is void because the tax commission had no authority to classify these lands as commercial property when they were held for the use of the railway company as operating property, and were so classified by the public service commission.   So that the controlling question in the case is whether the state board of tax commissioners is authorized to reclassify railroad property as nonoperating property when this same property has been classified by the public service commission as operating property.   The trial court was of the opinion that the board of tax commissioners had no such authority and, therefore, granted the relief prayed for.

In the year 1907, the legislature passed an act providing for the regulation of railroads within the state.   Section 5 of that act provided that it should be the duty of the railroad commission, as early as practicable, to

"ascertain the total market value of the line, equipment and property of each railroad operating in this state used for a public convenience within the state.   .   .   .   it shall also ascertain whether the expenditures already made in the construction and equipment of each railroad were such as were justified by the then existing conditions and such as might reasonably be expected in the immediate future; it shall also ascertain whether the money expended by each railroad is reasonable for the present needs of the company and for such as may reasonably be expected in the immediate future."   Laws of 1907, ch. 226, p. 545, § 5.

The section then provided that the commission should make findings of fact upon all matters concerning which it was directed to inquire into, and that such findings should be filed.   It then provided:

"The findings of the commission so filed, or as the same may be corrected by the courts, when properly certified under the seal of the commission, shall be admissible in evidence in any proceeding or hearing in which the public and the railroad or express company affected thereby is interested, and such findings, when so introduced, shall be conclusive evidence of the facts stated in such finding or findings as of the date of filing under conditions then existing, and such facts can only be controverted or contradicted by showing a subsequent change in conditions bearing upon the facts therein determined."

Afterwards in the case of *State ex rel. Oregon R. & Nav. Co. v. Clausen*, 63 Wash. 535, 116 Pac. 7, this court, in substance, held that a finding of value by the railroad commission was binding upon the tax commission, which had no power to fix any other value upon railroad property for the purposes of taxation. Afterwards, in the year 1911, a new act was passed making the railroad commission the public service commission, with substantially the same powers with reference to railroads that it had under the old act. Laws of 1911, p. 601.

In the year 1913, the legislature amended § 92 of the act to read as follows:

"The findings of the commission so filed, or as the same may be corrected by the courts, when properly certified under the seal of the commission, shall be admissible in evidence in any action, proceeding or hearing, *excepting with respect to matters of assessment and taxation*, in which the state or any officer, department or institution thereof, or any county, municipality, or other body politic and the public service company affected is interested, whether arising under the provisions of this act or otherwise, and such findings when so introduced shall be conclusive evidence of the facts stated in such findings as of the date therein stated under conditions then existing, *except as a basis for taxation*, and such facts can only be controverted by showing a subsequent change in conditions bearing upon the facts therein determined." Laws of 1913, p. 662, § 1; Rem. 1915 Code, § 8626-92.

It is claimed by the appellant that this amendment authorizes the state board of tax commissioners to reclassify railroad property as operating or nonoperating property for purposes of taxation, because of the amendment excepting the conclusiveness of the findings with respect to matters of assessment and taxation.

The duties of the tax commission are found in ch. 78, p. 132, Laws of 1907 (Rem. 1915 Code, § 9141 *et seq.*).  This chapter provides that: "The state board of tax commissioners shall make an annual assessment of the operating property of all railroad companies within this state, for the purpose of levying and collecting taxes as hereinafter provided."

Subdivision 3 of § 2 is as follows:    .

"The term 'property of the railroad company' as used in this act, shall include all franchises, right of way, roadbed, tracks, terminals, rolling-stock equipment, and all other real and personal property of such company, used or employed in the operation of the railroad, or in conducting its business, and shall include all title and interest in such property, as owner, lessee or otherwise.  Real estate not adjoining its tracks, stations or terminals, and real estate not used in operating the railroad, is excepted, and shall be assessed in the same manner as like property of individuals."  Laws of 1907, p. 132, § 2; Rem. 1915 Code, § 9142.

Section 12 of the same act, p. 139 (Rem. 1915 Code, § 9152), is as follows:

"In making the assessments of the operating property of railroads, and in the apportionment of the values and the taxation thereof, as hereinbefore provided, all land occupied and claimed exclusively as the right of way for railroads, with all the tracks, and substructures and superstructures which support the same, together with all sidetracks, second tracks, turn-outs, stationhouses, depots, roundhouses, machine-shops, or other buildings belonging to the road, used in the operation thereof, without separating the same into land and improvements, shall be assessed and taxed as real property.  And the rolling stock and other movable property belonging to any railroad company or corporation shall be con-

sidered personal property and shall be assessed and taxed as such."

This last section was amended in the year 1911, Laws of 1911, ch. 21, p. 62 (Rem. 1915 Code, § 9152), by adding to that section the following:

"Provided, that all of the operating property of street railroads shall be assessed and taxed as personal property."

It is plain that the public service commission was authorized to classify the property of railroads. We find no statute conferring upon the state board of tax commissioners authority to classify railroad property into operating and nonoperating property. So far as the board of tax commissioners is concerned, the statute itself defines the duties of that commission with reference to operating and nonoperating or commercial property of railroads, for it says at subdivision 3 of § 2 (Laws of 1907, ch. 78, p. 132):

"The term 'property of the railroad company' as used in this act, shall include all franchises, right of way, roadbed, tracks, terminals, rolling-stock equipment, and all other real and personal property of such company, used or employed in the operation of the railroad, or in conducting its business, and shall include all title and interest in such property, as owner, lessee or otherwise." Rem. 1915 Code, § 9142.

That is clearly a definition of *operating property* of railroads, which is assessed by the state board of tax commissioners and not by the assessors of the counties. That subdivision continues:

"Real estate not adjoining its tracks, stations or terminals, and real estate not used in operating the railroad, is excepted, and shall be assessed in the same manner as like property of individuals."

Operating property and commercial property of railroads are distinctly defined. The nonoperating or commercial property is defined definitely as property not adjoining tracks, stations or terminals, and not used in operating the railroad.

Section 12, above quoted, declares that:

"In making the assessments of the operating property of railroads, and in the apportionment of the values and the taxation thereof, as hereinbefore provided, all land occupied and claimed exclusively as the right of way for railroads, with all the tracks, and substructures and superstructures which support the same, together with all sidetracks, second tracks, turn-outs, stationhouses, depots, roundhouses, machine-shops, or other buildings belonging to the road used in the operation thereof, without separating the same into land and improvements, shall be assessed and taxed as real property." Rem. 1915 Code, § 9152.

This section and § 9142 should be read together, and when so read, we think it is plain that, where the real estate is used in the operation of the railroad, and where it adjoins its tracks, stations, or terminals, such property is to be assessed as operating property of the railway company.

It is conceded in this case, as we understand the record, that, prior to the year 1914, these blocks were classified by the public service or railroad commission as operating property of the railway company, and up to that time were assessed as such, and the taxes apportioned to the different counties through which the railroad runs, as required by the statute. *State ex rel. Hellar v. Jackson,* 82 Wash. 351, 144 Pac. 48.

But in that year the tax commission concluded that this property was not used as operating property and, therefore, classified the same as commercial property. We think the amendment of the public service commission act in the year 1913, to the effect that the findings of the public service commission "shall be admissible in evidence in any action, proceeding or hearing, excepting with respect to matters of assessment and taxation, in which the state or any officer, department or institution thereof, or any county, municipality or other body politic and the public service company affected is interested, whether arising under the provisions of this act or otherwise, and such findings when so introduced shall be

conclusive evidence of the facts stated in such findings as of the date therein stated under conditions then existing, except as a basis for taxation," refers only to the right of the tax commission to put a different value upon railroad property than that fixed by the public service commission; and that the amendment intended only to avoid the rule theretofore announced in *State ex rel. Oregon R. & Nav. Co. v. Clausen, supra.* This is plain when we come to consider that, at the same session of the legislature, by ch. 140, Laws of 1913, p. 438 (Rem. 1915 Code, § 9112), the legislature provided that property should be assessed at not to exceed fifty per cent of its true and fair value in money. It was clearly not the intention of the legislature to require railroad property to be assessed at its true value in money, and at the same time to permit other property to be assessed at fifty per cent of its value. In referring to this question in *Northern Pac. R. Co. v. State*, 84 Wash. 510, 147 Pac. 45, we said at page 529:

"The county assessors are not, however, the assessors of railway operating property; that duty being committed by law to the state board of tax commissioners. The statute so providing, we think renders it plain that the assessed valuation is to be placed upon the entire operating property of each railway company as a unit."

Then, after quoting §§ 9141 and 9148 of Rem. & Bal. Code, we said:

"This language of the latter section manifestly refers to operating property, or as termed in the railroad and public service commission laws, 'property used for the public convenience,' and is the same class of property which it was the duty of the railroad commission in 1908 to determine the 'total market value of,' which duty later devolved upon the public service commission. This, we think, is rendered plain by a reading of § 9148, above quoted, in connection with the provisions of the railroad commission law, especially as amended by the public service commission law of 1911 touching the duty of the commission and the effect of its finding of value of such property; . . .

"In *State ex rel. Oregon R. & Nav. Co. v. Clausen*, 63 Wash. 535, 116 Pac. 7, and *Spokane & I. E. R. Co. v. Spokane County*, 75 Wash. 72, 134 Pac. 688, we held, in effect, that the property to be assessed by the state board of tax commissioners and the property to be valued by the railroad and public service commissions, is the same property. We are prompted to make this observation so that it may be rendered plain that the organized entity consisting of appellant's operating property, so valued for purposes of taxation, did not include any property other than the property of appellant 'used for the public convenience,' and that whatever other property may have been owned by appellant in that year was not valued for taxation by the state board of tax commissioners, but by the county assessors, and was not regarded as entering into or forming part of appellant's operating property."

From the reasoning in that case it seems to follow that the duty of the public service commission was to determine, not only the value, but the property used by the railway company as operating property, and that when the public service commission determines those questions, such determination is binding, except as to value for taxation, until modified by that commission or by the courts.

As we have seen above, there is no express provision in the law authorizing the board of tax commissioners to classify property except for purposes of valuation for taxation. Where it is found by the public service commission that property is used by the railway company as operating property, we think it is the duty of the tax commission to abide by that decision. We have no doubt of the right of the tax commission to value different classes of railroad property. But that is entirely different from classifying property as operating and nonoperating, when that authority is not expressly given to that commission and is expressly given to the public service commission. Operating property is valued or assessed by the state board of tax commissioners. It is assessed as a unit, according to the provisions of §§ 2 and 12 of ch. 78

of the Laws of 1907. The use of the property is, we think, determined by the public service commission. The act of 1907, relating to the duties of the tax commission, and the act of 1911, relating to the public service commission, must be construed with reference to each other in order to be harmonious.

We are satisfied, therefore, that the trial court properly concluded that the state board of tax commissioners had no authority to reclassify railroad property as operating and nonoperating property when the public service commission had done so, but must take it as the public service commission has determined it to be.

The judgment is therefore affirmed.

MORRIS, C. J., FULLERTON, ELLIS, and CHADWICK, JJ., concur.