[No. 19961.  Department One.  August 23, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Northern
Pacific Railway Company, Appellant,* v. STATE
BOARD OF EQUALIZATION, *Respondents.*[1]

[1] TAXATION (100)—VALUATION OF RAILROAD PROPERTY—EQUALIZA-
TION—ARBITRARY ACTION—REVIEW BY CERTIORARI. Certiorari
does not lie to review the action of the state board of equaliza-
tion in fixing the valuation of railroad property for the purpose
of taxation, where the board had made its apportionment and
adjourned and was dissolved by operation of law for that year;
since there is no statutory power to direct the board to reassume
jurisdiction and no way to enforce any judgment in the matter.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered September 10,
1925, affirming, on certiorari, an order of the state
board of equalization fixing the value of the relator's
properties for the purpose of taxation, after a trial on
the merits to the court.  Affirmed.

*Geo. T. Reid, C. A. Murray* and *L. B. da Ponte,* for
appellant.

*The Attorney General* and *R. G. Sharpe, Assistant*
(*Howard A. Hanson,* of counsel), for respondents.

*F. M. Dudley, amicus curiae.*

FULLERTON, J.—The state department of taxation
and examination, for the year 1925, pursuant to powers
vested in it by statute, prepared and returned to the
state board of equalization an assessment roll wherein
the properties of the Northern Pacific Railway Com-
pany in the state of Washington were valued for the
purposes of taxation, at $120,132,915.  The equaliza-
tion board conceived that valuations placed upon the
property by the department of taxation did not repre-

[1]Reported in 248 Pac. 793.

sent the actual taxable value of the railroad company's property, in that it was less in amount than such actual taxable value, and it caused a notice to be served upon the railway company to the effect that it contemplated raising the valuation. It appointed a day certain for a hearing on the matter, and on the day so appointed, the railway company appeared and presented evidence thought to show that there was not only no cause for raising the valuations of its property, but that, on the contrary, the valuations returned by the department of taxation should be reduced. The board, at the conclusion of the hearing, concluded that the valuations returned were too low, and fixed the valuations at a total of $126,460,000. It thereupon apportioned the values so fixed to the several counties of the state through which the railroad of the railway company passes, and caused the apportionment to be certified to the county assessors of the counties affected. The board adjourned without day on September 19, 1925.

On October 13, 1925, the railway company sought to review the proceedings of the board in the superior court of Thurston county. To that end, it sued out a writ of certiorari from that court, and caused the writ to be served upon the individuals composing the board. The persons served appeared in the proceedings and moved to quash the writ. This motion the trial court denied, and required a return to the writ. A hearing was thereupon had on the return, at the conclusion of which the trial court determined that there was no cause to interfere with the action of the board, and entered a decree confirming its action and dismissing the proceedings. The proceeding before us is an appeal by the railway company from the decree of the trial court.

The merits of the controversy have been extensively

presented to us, both orally and by brief. But it is our opinion that the merits are not properly before us for determination. It is our opinion, also, that they were not before the trial court, and that its decree dismissing the proceedings should have been rested upon a different ground.

[1] This court cannot, even if it should conclude that the merits of the controversy were in favor of the contentions of the railway company, make, or direct the trial court to make, any effective order in the premises. It cannot, by its own decree, direct a recall of the certificate sent down by the board of equalization and substitute its own order in lieu thereof, nor can it direct the trial court so to do. Nor can it order, or direct the trial court to order, the board of equalization to reconvene and amend its certificate. Prior to the time the writ was sued out, the matter had passed beyond the control and jurisdiction of the equalization board, and no statutory authority or other rule of law empowers the court to cause the board to re-assume control or jurisdiction over it. And, since the court has no power in the matter before us to enter an effective judgment, it follows that its opinion on the merits of the controversy would be but perfunctory, or, at best, advisory. It would be binding upon no one, and no one would be obligated to give it heed. It is not the policy or practice of the courts to render such opinions. As was said in *Mills v. Green,* 159 U. S. 651:

"The defendant moved to dismiss the appeal, assigning, as one ground of his motion, 'that there is now no actual controversy involving real and substantial rights between the parties to the record, and no subject-matter upon which the judgment of this court can operate.' We are of opinion that the appeal must be dismissed upon this ground, without considering any other question appearing on the record or discussed by counsel. The duty of this court, as of every other

judicial tribunal is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.''

The precise question was presented to the court of appeals of New York in *People ex rel. Hoesterey v. Taylor,* 239 N. Y. 626, 147 N. E. 223, wherein the court said:

''Upon the facts appearing in the petition herein the relator was not entitled to a certiorari order to review the action of the assessors of the city of Rochester in exempting from assessment the property described in the petition, if for no other reason, because the assessment rolls had passed out of the custody and control of the assessors at the time the certiorari order was granted. The court was then without power to order the correction of the assessment rolls. The court will not decide questions which by lapse of time were abstract and academic at the inception of the litigation, even though it might be for the public interest to have them determined.''

The principle has been repeatedly announced by this court. Perhaps, the most pertinent of the cases touching the question are *State ex rel. Spokane & Inland Empire R. Co. v. State Board of Equalization,* 75 Wash. 90, 134 Pac. 695, and *State ex rel. Oregon-Washington R. & N. Co. v. Clausen,* 82 Wash. 1, 143 Pac. 312. These were cases in which it was sought to review the findings and conclusions of the board of equalization by certiorari. It was held that the writ would not lie. True, the decisions were rested, in part, on the ground that all of the evidence before the board was not returned with the writ, but a reading of the opinions will show that the result must have been the same had the record been complete in this respect. In the first of the cited cases we said:

"Counsel for appellant make some contention that, even though the record before us is not such as to enable us to make or direct the superior court to make a final determination as to the correct assessable value of the relator's operating property, the allegations of the complaint show arbitrary action on the part of the board of equalization, and that it is, therefore, entitled to have that question adjudicated by the superior court in its favor, and the proceedings remanded to the board of equalization with directions to proceed to hear appellant's offered evidence touching the value of its property and make a valuation thereof as its judgment may then dictate. By the provisions of Rem. & Bal. Code, § 9204 (P. C. 501 § 159), the state board of equalization is required to meet on the first Monday in September in each year. It is provided therein that 'they shall remain in session not to exceed twenty days.' It is apparent that the state board of equalization met and adjourned in the year 1912, in pursuance of this provision, before the commencement of this proceeding. When it adjourned it was dissolved by operation of law for that year. We cannot see our way clear to direct the remanding of the proceedings to that board in view of this situation."

The conclusion we have reached does not leave the relator without remedy. It can, when the tax is made a lien upon its property, test its validity by a suit in equity against the officers seeking to collect the tax, in which suit it may bring forward any matter showing that the tax is unjust or arbitrary, even though the inquiry may involve the action of the equalization board.

The judgment of dismissal entered by the trial court is affirmed.

TOLMAN, C. J., BRIDGES, HOLCOMB, and ASKREN, JJ., concur.