## SKAGIT COUNTY et al. v. NORTHERN PAC. RY. CO.

## KITTITAS COUNTY v. SAME.

### Nos. 6870, 6871.

Circuit Court of Appeals, Ninth Circuit.

Nov. 7, 1932.

John H. Dunbar, Atty. Gen., John A. Homer and John W. Brisky, Asst. Attys. Gen., for appellant Skagit County.

R. G. Sharpe, of Seattle, Wash., and Ole Sandvig, of Yakima, Wash., for appellants Whitney and others.

R. G. Sharpe, of Seattle, Wash., and Spencer D. Short, of Ellensburg, Wash., for appellant Kittitas County.

D. F. Lyons, of St. Paul, Minn., and L. B. Da Ponte and T. H. Maguire, both of Seattle, Wash., for appellee.

Robert M. Burgunder, Pros. Atty., and Harry A. Rhodes (of Colvin & Rhodes), both of Seattle, Wash., for amicus curiæ King County.

F. M. Dudley, of Seattle, Wash., for amicus curiæ Chicago, M., St. P. & P. R. Co.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

The counties of Skagit and Kittitas, of the state of Washington, and the county treasurer, sheriff, and prosecuting attorney of Skagit county, appeal from a temporary injunction made and entered, enjoining twenty-three counties and their respective county officers, including appellants, from collecting certain taxes levied upon the personal property of the appellee Northern Pacific Railway Company for the years 1927, 1928, and 1929. The appellee, hereinafter referred to as the Railway Company, instituted these actions to enjoin the collection of that portion of the tax levied upon their operating railroad property for the years 1927, 1928, and 1929, by the taxing authorities of the various counties defendant through whose territory the Railway Company operated its railroad, upon the ground that the assessment of such proportion was so excessive as compared with the assessment of all other property in the counties levying the tax as to be actually or constructively fraudulent and void. The Railway Company asked for a permanent injunction against the collection of the tax and also prayed for a decree adjudging "the unpaid balance of the tax be ordered cancelled and stricken from the rolls as a cloud upon the plaintiff's title to its property." The Railway Company paid the portion of the tax it admitted was justly due upon a valuation commensurate with that levied upon other property in the respective counties as required by a statute of the state of Washington as a condition of maintaining such an action in equity. Rem-

ington's Compiled Statutes of Washington § 956.

It appears that this action is one of a number by this and other railway companies, all based upon the same contention, that their property has been systematically and fraudulently overvalued for a number of successive years from 1925 to 1929, inclusive. Some of these actions were pending in the trial court, undecided, at the time this action was brought. With reference thereto the bill of exceptions contains the following statement:

"In entering said order for interlocutory injunction the court took judicial notice of the records and files in Cause No. E-4300, 'Northern Pacific Railway Company v. Adams County, et al.,' pending in this court. Said cause involves taxes assessed for the years 1925 and 1926 on plaintiff's operating property and the parties thereto and the issues of law are the same as in this cause. It is the same cause referred to in plaintiff's motion for interlocutory injunction herein. Said Cause No. E-4300 was referred by this court to Honorable Ralph Kauffman, Master in Chancery, to take testimony, make conclusions of law and fact and recommendations for a decree. Hearing in said cause began on June 6, 1927, and lasted until September, 1928, and briefs and arguments were not completed until October, 1929. On the 29th day of March, 1930, said Master filed his report in said cause, with conclusions of law and fact and recommendations for a decree.

"Plaintiff and defendants filed exceptions to the Master's report and said exceptions were argued in this court on the 22nd day of June, 1931, and succeeding days. Several thousands of pages of briefs have been filed. The court has had and now has said Cause No. E-4300 under advisement and consideration for a final decree.

"The court knows from the records and files in this cause and from statements of counsel for the respective parties, in open court, that neither party has taken steps to bring this cause to trial, pending the final decision in said Cause No. E-4300, for the reason that decision therein will settle many of the questions involved in this cause and thereby further expensive litigation may be avoided and, in any event, the issues in this cause will be simplified and large expense saved to the respective parties. It has been and is the opinion of this court, expressed in open court, that this cause should not be tried until after final decision in said Cause

No. E-4300. While this cause was so pending, under the circumstances and conditions stated, defendants threatened to issue process of distraint for the collection of said personal property taxes. Said taxes are, in the court's opinion, adequately secured by a lien on all of plaintiff's operating property, real and personal, and by the injunction bond filed by plaintiff herein. No injury or loss will, in the court's opinion, be sustained by defendants because of the granting of said interlocutory injunction. But, in the court's opinion, if said injunction be refused, plaintiff will suffer a great loss by the seizure and sale of its property, for which it has no adequate remedy at law.

"At the time of entering said interlocutory injunction the court stated in open court, that on the hearing of said order to show cause and, in granting said interlocutory injunction, the court did not pass upon the merits of the matters in controversy herein. That said injunction was granted in the exercise of the court's discretion and upon consideration of the relative loss and damage to the parties from refusing, as compared with granting, the same, and in view of all of the circumstances and conditions appearing at said time."

In case No. E-4300, above referred to, the trial court has since held the assessment for the year 1925 to be void, and was no doubt tentatively of that opinion at the time he granted the temporary injunction in the case at bar.

The appellants present the merits of the case upon the contention that the controlling facts are either admitted in the pleadings or established by uncontroverted statements in the affidavits presented to the trial court on the hearing. It is suggested that our decision of the various points presented on the merits would greatly facilitate the further progress of pending litigation. It is sufficient in that regard to say that the question of overvaluation is a relative one, and depends not only upon the valuation fixed by the taxing authorities upon the Railway Company's property, but also upon the relative undervaluation of other property. This undervaluation is affirmed by the Railway Company, on the one hand, and denied by the defendants, on the other. If any evidence were offered on this subject on the application for a temporary injunction, it is not contained in the bill of exceptions. If we could say, as appellants contend we should, that the valuation of the Railway Company's property was not so excessive as

to justify a conclusion that the valuation was fraudulently made, we would still be confronted with the fact that this factor is only one element of the problem to be solved, namely, whether the tax imposed upon the Railway Company is relatively excessive. If other property is similarly overvalued no harm has been done the Railway Company. The question of the validity of the tax is not before us on the merits, and we cannot say that there has been an abuse of discretion in granting the order appealed from in view of the findings and statement of the trial judge, above quoted. See Alabama v. United States, 279 U. S. 229, 49 S. Ct. 266, 73 L. Ed. 675.

■ Appellants contend that this action will not lie because the Railway Company has a plain, speedy, and adequate remedy at law by paying the tax under protest and by an action to recover the money thus illegally exacted. That this rule is frequently applicable is shown by the following cases cited by the appellants: Southern R. Co. v. Query (D. C.) 21 F.(2d) 333, 337, 338; Union Pac. R. Co. v. Board of Com'rs of Weld County, 247 U. S. 282, 285, 38 S. Ct. 510, 62 L. Ed. 1110; Port Angeles Western R. Co. v. Clallam County (C. C. A.) 44 F.(2d) 28. It is claimed by the Railway Company, however, that this rule does not apply because of the number of actions involved in the recovery of the tax so paid, the uncertainty of the recovery of such tax due to the alleged insolvency of some of the districts to which the tax has been, or would be, apportioned, and particularly because of the fact that the assessment is made by the state tax commission. Chapter 130, p. 227, Laws Extra Session 1925, State of Washington. This commission later sits as a board of equalization to hear complaints against the assessment and to apportion the total assessment as finally fixed in the respective counties in the proportion in which the main line mileage therein bears to the total main line mileage of the railway in the state. A somewhat similar situation to that in the case at bar was considered by the Supreme Court in Wilson v. Illinois So. Ry. Co., 263 U. S. 574, 44 S. Ct. 203, 68 L. Ed. 456. An action was brought by the Railway Company to enjoin the collection of taxes for the years 1917, 1918, 1919, and 1920 upon the ground that the property was erroneously and fraudulently overvalued. As a basis for the exercise of equitable jurisdiction it was alleged that the Railway Company paid as tax such sums as could properly have been charged; that if the additional amounts demanded

could be recovered at all after payment it would be only by multiplicity of suits against the taxing bodies of the several counties where the collection was made. The court, speaking through Justice Holmes, said: "It is argued that in any proceeding at law in these counties, it would be impossible to secure a uniform or any adequate readjustment of the total valuation, which is made by a state board, and so that equity only can afford adequate relief. The bill prays that the defendants, who are the collectors for five counties, may be restrained from applying to their respective county courts for judgments under the summary proceedings provided by statute for the collection of taxes on real estate (Cahill's Ill. St. 1923, c. 120, § 191), and that the Court will determine the amounts, if any, remaining equitably due and unpaid. * * * The case is here on the single question whether the plaintiffs had an adequate remedy at law. * * * The appellants rely mainly upon Keokuk v. Salm, 258 U. S. 122, 42 S. Ct. 207, 66 L. Ed. 496. * * * Keokuk v. Salm arose upon an assessment of real estate by county assessors in a single county, as to which the remedies available were pointed out. Here the assessment was of property in five counties, by the State Board of Equalization for 1917 and 1918, and by its successor the State Tax Commission for the two later years. Assuming that in each of the counties before the tax could be collected a judgment must be obtained in the county court in a civil suit and that in such suits the defendants, the present plaintiffs, could set up the facts here relied upon, as in the Keokuk Co.'s Case, not only would those suits be many, but there would be insuperable difficulty in determining what the proper assessment against the whole road should be and in apportioning the due share to the county concerned. This difficulty would recur in each of the five counties with not improbably different results in each. It seems to us that the right of full defence in those suits, if it exists, is not an adequate remedy at law. Raymond v. Chicago Union Traction Co., 207 U. S. 20, 38–40, 28 S. Ct. 7, 52 L. Ed. 78, 12 Ann. Cas. 757; Kirby v. Lake S. & M. So. R. R., 120 U. S. 130, 134, 7 S. Ct. 430, 30 L. Ed. 569."

Appellants seek to distinguish the case at bar from the case of Wilson v. Illinois So. R. Co., supra, upon the ground that the sole question in that case was "whether or not the right afforded the railroad by the Illinois law to defend in the tax foreclosure suits in the separate counties was such an

adequate remedy at law as to prevent the railroad from seeking relief in equity. The court held that such legal remedy was not adequate."

It is true that the principal question discussed in that case was the adequacy of the remedy at law by defense to the actions for the collection of the tax, but the court also considered the adequacy of the remedy at law by suit to collect the tax paid under protest, and the general statement made by the court in regard to the inadequacy of the remedy at law applies equally to the defense at law in actions to collect the tax and to proceedings brought to recover the tax owing to the fact that the assessment was a unit apportioned to five counties. The statement that different results as to valuation might be arrived at in each county is as applicable to a suit to recover the tax as to a suit to collect the tax. The decision by the Supreme Court assumes it to be the duty of the chancellor to determine the correct amount of the assessment, and require the payment thereof as a condition precedent to the issuance of an injunction. This practice was followed by the Circuit Court of the Southern District of Illinois in Chicago Union Traction Co. v. State Board of Equalization, 114 F. 557, affirmed in Raymond v. Chicago Union Traction Co., 207 U. S. 20, 28 S. Ct. 7, 13, 52 L. Ed. 78, 12 Ann. Cas. 757, cited in the above opinion by Mr. Justice Holmes. The rule is stated by the Supreme Court in the latter case, as follows: "In all these cases, however, where there is jurisdiction to tax at all, equity will not grant an injunction to restrain the collection, even of an illegal tax, without the payment on the part of the taxpayer of the amount of a tax fairly and equitably due. People's Nat. Bank v. Marye, 191 U. S. 272, 24 S. Ct. 68, 48 L. Ed. 180, and cases cited. Acting upon this principle, the circuit court refused to issue the injunction until the appellee paid the amount which the court found to be a fair and just amount due from the appellee for the tax of the year 1900, based upon a tax at the same rate as that levied upon other property and on corporations of the same class within the state. The sum to be paid by the appellee herein, as decided by the circuit judge, was $134,350.03. That sum was paid instead of $1,019,211.78, called for by the warrant in the hands of the collector."

It is true that in both of these cases from the state of Illinois, Wilson v. Illinois Southern R. Co., supra, and Raymond v. Chicago Union Traction Co., supra, it was alleged that the recovery of the tax would require a multi-plicity of suits because of the distribution of the tax money to various taxing districts and that element is absent from the case at bar by reason of the fact that an action against each county could be maintained to recover the tax to be paid that county notwithstanding the fact it was subsequently distributed. Nevertheless, in the case at bar, it would require twenty-three separate actions at law to recover the tax thus paid.

It is contended that the holding of the Supreme Court in Wilson v. Illinois Southern R. Co. has been somewhat modified by the recent cases of Matthews v. Rodgers, 284 U. S. 521, 52 S. Ct. 217, 76 L. Ed. 447, and Stratton v. St. Louis S. W. Ry. Co., 284 U. S. 530, 52 S. Ct. 222, 223, 76 L. Ed. 465. These cases, while holding that an action to repay a tax paid under protest is usually an adequate remedy at law, expressly reaffirm the rule stated in the cases under consideration that where special circumstances exist which render that remedy inadequate, equity will enjoin the collection of tax. The rule stated in Stratton v. St. Louis S. W. Ry. Co., supra, is that which has been uniformly applied by the Supreme Court: "There being a legal remedy for the recovery of the tax, no case is made for invoking the jurisdiction of equity to enjoin collection of it, in the absence of allegations setting up special circumstances which would render the legal remedy inadequate." Citing Matthews v. Rodgers, supra; Arkansas Bldg. & Loan Ass'n v. Madden, 175 U. S. 269, 20 S. Ct. 119, 44 L. Ed. 159; Atchison, T. & S. F. R. Co. v. O'Connor, 223 U. S. 280, 32 S. Ct. 216, 56 L. Ed. 436, Ann. Cas. 1913C, 1050; Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 S. Ct. 942, 57 L. Ed. 1288.

The existence of such special circumstances in the case at bar is, we think, determined by the Supreme Court in Wilson v. Illinois Southern R. Co., supra.

If it be granted, as we have held, upon the authority of Wilson v. Illinois Southern R. Co., supra, that it is proper to join the counties in an action brought to enjoin the collection of taxes, the objections of the appellants to the jurisdiction of the District Court over the counties outside the district are met, for such an action is controlled by sections 52 and 53 of the Judicial Code (28 USCA §§ 113, 114), which permit a suit to be brought in a district containing the residence of one of the defendants, where the action is joint and the suit is not of a local nature, and if it be considered that the action is of a local nature because of the fact

that the appellees seek to remove the cloud upon real estate lying partly in one district and partly within another in the same state, then the action can be brought in either district under the provisions of section 55 of the Judicial Code (28 USCA § 116).

The appellants claim that the court had no power to enjoin the defendant from collecting the tax in question because of the passage by the Legislature of the State of Washington (section 1, Laws of 1931, c. 62, p. 201) of a statute prohibiting granting of an injunction to restrain the collection of a tax, or any part thereof, "except in the following cases: (1) Where the law under which the tax is imposed is void; and (2) Where the property upon which the tax is imposed is exempt from taxation." This law, although enacted after the institution of this action, was in effect at the time the interlocutory injunction was entered April 1, 1932. The constitutionality of this act was sustained by the Supreme Court of Washington in Casco v. Thurston County, 163 Wash. 666, 2 P.(2d) 677, 77 A. L. R. 622, and that such a law would apply to a pending suit it is claimed was decided by the Supreme Court in Smallwood v. Gallardo, 275 U. S. 56, 48 S. Ct. 23, 72 L. Ed. 152. That the state of Washington had authority to prohibit its courts from entertaining an equitable suit for the enjoining of tax is not doubted. A similar statute on the part of the United States has been in effect for many years. Act March 2, 1867, c. 169, § 10, 14 Stat. 475, R. S. § 3224 (26 USCA § 154).

■ The question here involved, however, is whether or not the state legislation prohibiting injunctions is applicable to the federal courts. It is not contended that the jurisdiction of federal courts in equity matters can be directly affected by state legislation prohibiting the maintenance of equitable actions. On the contrary, the contention is that the right of a county to sue or be sued is a matter of state legislation. Consequently, it was contended that where the state Legislature provides that suits of this character cannot be maintained against the various counties of the state, it, in effect, curtailed the power of the county to be sued and that under such legislation the county is incapable of defending a suit to prevent the collection of revenues by injunctive orders whether brought in the federal or state courts. The tax upon the property of the Railway Company belongs to the county in which the property taxed is located. The state having clothed the county with this

right cannot shield it from attack in a federal court of equity by a state law regulating the remedies which may be applied to a wrong alleged to have arisen from the manner in which the tax was assessed. The Supreme Court of the United States, in Chicot County v. Sherwood, 148 U. S. 529, 13 S. Ct. 695, 37 L. Ed. 546, sustained the right to maintain a suit against the county in the federal courts although the Arkansas Legislature had repealed all laws allowing counties to sue and be sued. Such legislation does not affect the jurisdiction of federal courts in equity. Chicot County v. Sherwood, supra; Waterman v. Canal-Louisiana Bank, 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80; Mason v. United States, 260 U. S. 545, 43 S. Ct. 200, 67 L. Ed. 396; Henrietta Mills v. Rutherford County, 281 U. S. 121, 50 S. Ct. 270, 74 L. Ed. 737.

The appellants W. H. Whitney, as treasurer, Charles W. Fleming, as sheriff, and John W. Briskey, as prosecuting attorney, of Skagit county, were enjoined by the temporary injunction from attempting to collect the tax. They were not parties to the litigation.

■ It is stated in the brief of the appellee that it has been the uniform practice in the state of Washington to sue only the county in actions to enjoin the collection of tax and not to make the county officers parties thereto. Numerous cases are cited in which this has been done. Northern P. R. Co. v. Benton County, 87 Wash. 534, 151 P. 1123; Northern P. R. Co. v. King County, 93 Wash. 89, 160 P. 8; Northern P. R. Co. v. Snohomish County, 101 Wash. 686, 172 P. 878; Northern P. R. Co. v. State & Twenty-three Counties, 84 Wash. 510, 147 P. 45, Ann. Cas. 1916E, 1166; Northern P. R. Co. v. Pierce County, 127 Wash. 369, 220 P. 826; Spokane & I. E. R. Co. v. Spokane County, 82 Wash. 24, 143 P. 307; and Oregon-W. R. & N. Co. v. Thurston County, 98 Wash. 218, 167 P. 930. The county treasurer is charged by the law with the duty of collecting these taxes. Laws Wash. 1925, (Ex. Sess.) c. 130, pp. 281, 282, §§ 83, 84 et seq.; Rem. Comp. Stat. §§ 11318, 11321, 11328, 11329; State ex rel. Godfrey v. Turney, 113 Wash. 214, 223, 193 P. 715. He is a necessary party defendant. State ex rel. Northern Pac. Ry. v. State Board, 140 Wash. 243, 248 P. 793; Gallardo v. Questell (C. C. A.) 29 F.(2d) 897; Caldwell Land & Lbr. Co. v. Smith, 146 N. C. 199, 59 S. E. 653; Gilmore v. Norton, 10 Kan. 491; Hubbard v. Board of Sup'rs, 23 Iowa, 130; St.

Louis, I. M. & S. Ry. Co. v. Anthony, 73 Mo. 431; Rogers v. Bass & Harbour Co., 47 Okl. 786, 150 P. 706; Bode v. New England Inv. Co., 1 N. D. 121, 45 N. W. 197. The sheriff of Skagit county and the prosecuting attorney thereof were proper parties, as they were charged with certain statutory duties in reference to the collection of these taxes. These officers of Skagit county appeared specially before the entry of the interlocutory injunction and objected to being included therein; this objection was overruled, and they were so included; they then joined in the general assignment of errors on the merits and joined in the petition for appeal on the merits and in the argument of the merits on appeal. As they have no interest in the outcome of the case other than the desire to perform their duty under the law of the state, and have fully presented their contentions of law and fact on their appeal, they have had their day in court on the question of the issuance of the temporary injunction. The county treasurer should, however, be made a formal party by appropriate amendment in the trial court. We treat him as a party for the purpose of disposing of his appeal from the interlocutory order.[1]

Order affirmed.

[1] As to the power of a Circuit Court of Appeals in an equity case, see Central Imp. Co. v. Cambria Steel Co., 210 F. 696, 700; Norton v. Larney, 266 U. S. 511, 515, 516, 45 S. Ct. 145, 69 L. Ed. 413; Linde Air Products Co. v. Morse Dry Dock & Repair Co. (C. C. A. 2) 246 F. 834; Youngs Rubber Corp. v. C. I. Lee & Co. (C. C. A. 2) 45 F.(2d) 103. As to amendment of pleadings on appeal, see Dower v. Richards, 151 U. S. 659, 14 S. Ct. 452, 38 L. Ed. 305; 4 C. J., p. 1346, § 37, and notes. The proceedings on appeal have been frequently referred to by the courts as a trial de novo, Simmons v. Stern (C. C. A. 8) 9 F. (2d) 256; Sun Co. v. Vinton Pet. Co. (C. C. A. 5) 248 F. 623; Anderson v. Hultberg (C. C. A. 8) 247 F. 273, 279; Unkle v. Wills (C. C. A. 8) 281 F. 29, 34; Emerson-Brantingham Imp. Co. v. Johnson (C. C. A. 8) 1 F.(2d) 212; Presidio Mining Co. v. Overton (C. C. A. 9) 270 F. 388, although it has been stated to the contrary, Youngs Rubber Corp. v. C. I. Lee & Co. (C. C. A. 2) 45 F.(2d) 103, supra.